IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICK SMITH, | ) | 4:10CV3043 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DICKEY, CPL., DENNIS | ) | |
| BAKEWELL, Warden, DR. | ) | |
| CASEBOLT, and ROBERT P. | ) | |
| HOUSTON, Director, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 5, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 5, 2010, against four individual employees of the Nebraska Department of Corrections: Cpl. Dickey, Warden Dennis Bakewell, Dr. Casebolt and Director Robert Houston. (Filing No. 1 at CM/ECF pp. 1, 3.) Plaintiff is currently confined at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. (*Id*.; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on December 24, 2009, Dr. Casebolt discharged him from the NSP hospital after he underwent a medical procedure. (*Id*. at CM/ECF p. 1.) As Cpl. Dicky was escorting Plaintiff back to the control unit, Plaintiff fell down a flight of stairs and injured his ribs and back. (*Id*.) After the fall, Plaintiff was taken back to the NSP hospital, but was discharged

without being examined by a doctor.  (*Id*.)  Plaintiff alleges this violated his "right to safety and security" under Neb. Rev. Stat. 83-4,154, and his right of access to health care.  (*Id*. at CM/ECF pp. 1, 3.)  Plaintiff seeks monetary compensation in the amount of $950,000.00.  (*Id*. at CM/ECF p. 4.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

## III.   DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)*; *Dover Elevator Co. v. Ark. State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995)*.   Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See, e.g., Dover Elevator Co., 64 F.3d at 444*; *Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981)*. Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only.  *See, e.g., Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)* ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").  In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official.  *See Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity . . . .") (quotations omitted).  *Accord Eagle v. Morgan, 88 F.3d 620, 629 n.5 (8th Cir. 1996)* ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham, 473 U.S. 159, 165 (1985))*.  As such, damages claims against individual state employees acting in their official capacities are also barred by the

3

Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues four individual state employees. (Filing No. 1 at CM/ECF pp. 1, 3.)  Because Plaintiff does not specify the capacity in which he sues these individuals, the court assumes they are sued in their official capacities only. However, Plaintiff only seeks monetary relief.  (*Id*. at CM/ECF p. 4.)

As discussed above, Plaintiff may not sue a state employee in their official capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress.  There is no indication that the state waived or Congress overrode immunity here.  Accordingly, Defendants are entitled to sovereign immunity and Plaintiff's claims against them must be dismissed.[1]

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

---

[1]To the extent that Dr. Casebolt is not a state employee, Plaintiff's Complaint still fails to state constitutional a claim against him upon which relief may be granted. Plaintiff's only allegation against Dr. Casebolt is that he discharged Plaintiff from the NSP hospital after he underwent a medical procedure.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff's disagreement with his discharge cannot form the basis of a constitutional claim. *See, e.g., Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (recognizing that an inmate's mere disagreement with treatment decisions does not rise to the level of a constitutional violation).

4

DATED this 16th day of April, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.